UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cv-14017-MIDDLEBROOKS

LINDSEY NEWELL,

      Plaintiff,

v.

THE LAW OFFICES OF TRAVIS
R. WALKER, P.A., et al.

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Motion for Additional Discovery Sanctions (DE 80). The Motion was referred to Magistrate Judge Shaniek Mills Maynard. (DE 85). On February 13, 2026, Judge Maynard entered a Report and Recommendation ("Report") (DE 109), recommending that Plaintiff's Motion for Additional Discovery Sanctions be granted in part and denied in part. No objections to the Report were filed and the deadline to do so has expired.

Upon review of the Report and the record as a whole, I agree with Magistrate Judge Maynard's recommendations and accordingly, I will grant in part the Plaintiff's Motion for Additional Discovery Sanctions.

### Conclusion

For the following reasons, it is **ORDERED AND ADJUDGED** that:

1) Judge Maynard's Report (DE 109) is **ADOPTED.**

2) Plaintiff's Motion for Additional Discovery Sanctions (DE 80) is **GRANTED IN PART AND DENIED IN PART.**

3) The following facts will be taken as established:

a. Defendants do not possess reliable business records documenting the dates, times, frequency, or manner of their communications with Ms. Newell regarding the alleged debt.

b. Defendants cannot establish through contemporaneous records that their collection communications complied with the requirements of the FDCPA or the FCCPA.

4) Defendants are precluded from relying on the bona fide error defense as set forth in their First Affirmative Defense since they have not turned over any policies, procedures, or training manuals.

5) Defendants are precluded from introducing any evidence concerning the contents of the missing client file beyond the documents already produced.

6) Defendants are precluded from claiming that they transferred the client file in compliance with all court orders and professional obligations as set forth in their Fifth Affirmative Defense since they have not produced the entire client file or any transfer documentation.

7) Defendants are precluded from calling Angel Morales or Luke Carpentier as witnesses, whether at summary judgment, evidentiary hearing, or trial, except upon a showing of extraordinary circumstances.

8) Defendants be jointly and severally required to pay $5,000.00 to Ms. Newell.

**SIGNED** in Chambers at West Palm Beach, Florida, this 24 day of February, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE