**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-14017-MIDDLEBROOKS

LINDSEY NEWELL,

Plaintiff,

v.

THE LAW OFFICES OF TRAVIS R.
WALKER, P.A, et al.,

Defendants.
_________________________________/

**ORDER STAYING CASE**

THIS CAUSE comes before the Court on the Parties' responses (DE 136, DE 137) to the Court's March 11, 2026 Order to Show Cause (DE 135). In that Order, I explained that this case has been stayed with respect to Defendants The Law Offices of Travis R. Walker, P.A. and Travis Walker, based upon their filing of a Suggestion of Bankruptcy. I asked the remaining Defendant, Florida Legal Collections, P.A. ("FLC"), to advise the court of its position regarding whether a stay of the entire case is warranted, given intertwined facts and issues with the stayed Defendants. Plaintiff and FLC both filed responses to my Order. (DE 136 and DE 137, respectively).

Plaintiff requests that the Court stay the case or continue all remaining deadlines for at least ninety days, noting that the claims against all Defendants are "so intertwined that a trial involving all Defendants is the most efficient use of judicial resources," and that Defendants have not served pretrial disclosures or paid the previously-ordered $5,000 sanction. (DE 136).

Defendant FLC opposes a stay only insofar as it urges me to first resolve the pending Rule 56(f) issue,[1] but otherwise agrees that a stay is appropriate in light of the bankruptcy proceedings involving the remaining Defendants. (DE 137).

I have considered the Parties' submissions, the procedural posture of the case, and the automatic stay already in effect as to Defendants The Law Offices of Travis R. Walker, P.A. and Travis R. Walker individually. Proceeding solely against FLC would require litigation of issues that substantially overlap with the stayed Defendants, including the origin of the alleged debt, the conduct of Mr. Walker, and the relationship among the entities. As Plaintiff notes, the claims are intertwined, and as FLC acknowledges, further proceedings risk inconsistent results and inefficiency.

Thus, I find that a stay of the entire action is warranted under the court's inherent authority to manage its docket and to promote judicial economy. A temporary stay will allow the bankruptcy proceedings to progress, permit orderly resolution of the pending issues, and avoid piecemeal litigation.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This action is **STAYED** in its entirety pending further order of the Court. Any party may move to lift the stay, if necessary, at an appropriate time.
2. The Pretrial Scheduling Order (DE 37) and Orders Setting Trial (DE 25) are hereby **VACATED**.

[1] On March 3, 2026, I requested briefing pursuant to Rule 56(f) regarding the Federal Debt Collection Practices Act claim in anticipation of possibly granting summary judgment in favor of Defendant on that claim. (DE 125).

3. The $5,000 monetary sanction previously imposed remains in effect. Plaintiff's request that FLC be ordered to pay the sanction within seven days is **DENIED WITHOUT PREJUDICE**, to be revisited upon lifting of the stay.
4. The Clerk of Court shall administratively **CLOSE THIS CASE** during the pendency of the stay.
5. All pending motions shall be **DENIED AS MOOT,** subject to being either reinstated or re-filed, as necessary, if and when the stay is lifted.

**SIGNED** in Chambers at West Palm Beach, Florida, this 13 day of March, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record